# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLETUS M. COFFEE, | ) |
|           Plaintiff, | ) |
| v. | ) Case No. CIV-08-261-SPS |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
|           Defendant. | ) |

## OPINION AND ORDER

The claimant Cletus M. Coffee requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to a listed impairment), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he does not retain the residual functional capacity (RFC) to perform his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on July 26, 1957, and was forty-nine years old at the time of the administrative hearing. He completed the tenth grade, obtained a general equivalency degree (GED), received some vo-tech training, and was attending his first semester of college courses in Ardmore, Oklahoma, as of the May 2007 hearing (Tr. 275-276). He has past relevant work as an equipment operator, truck driver, and welder (Tr. 69). The claimant alleged that he has been unable to work since January 1, 2004, because of back injury, high blood pressure, high cholesterol, and herniated disk.

**Procedural History**

On March 24, 2005, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Edward L. Thompson conducted a hearing in Ardmore, Oklahoma, on May 7, 2007, and determined that the claimant was not disabled on January 23, 2008. The Appeals Council denied review on May 15, 2008, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work without repetitive bending, twisting and lifting greater than 20 pounds (Tr. 16). The ALJ concluded that although the claimant could not return to his past relevant work (Tr. 17), the claimant was nevertheless not disabled because there was work he could perform existing in significant numbers in the national economy, *e. g.*, appointment clerk, dispatcher motor transportation, maintenance dispatcher, touch up screener/printed circuit board assembly, surveillance system monitor, and polisher (Tr. 18-19).

## Review

The claimant contends that the ALJ erred: (i) by failing to find that his mental impairments were severe at step two; (ii) by failing to include his mental limitations in his RFC at step four, and (iii) by failing to properly evaluate his credibility. The Court finds that the ALJ failed to properly evaluate the claimant's mental impairments at step two, and the decision of the Commissioner must therefore be reversed.

"When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Secretary must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a and the Listing of Impairments and document the procedure accordingly." *Cruse v. U.S. Department of Health & Human Services,* 49 F.3d 614, 617 (10th Cir. 1995), *citing Andrade v. Secretary of Health & Human Services,* 985 F.2d 1045, 1048 (10th Cir. 1993). The ALJ must first determine whether the claimant has a "medically determinable mental impairment," 20 C.F.R. §§

404.1520a(b)(1), 416.920a(b)(1), and if so, evaluate the claimant's level of functioning in four specific areas. *Cruse,* 49 F.3d at 617. Those areas are: (i) the activities of daily living; (ii) social functioning; (iii) concentration, persistence or pace; and (iv) episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ must assess the degree of functioning on a five-point scale; the first three areas utilize descriptive terms of none, mild, moderate, marked and extreme, while the fourth utilizes the numerical terms none, one to two, three, and four or more. 20 C.F.R. §§ 404.1520a(d)(2), 416.920a(d)(2).

The ALJ provided the following discussion of the claimant's mental impairments in his written decision:

> The claimant has symptoms of depression. Likewise, major depressive disorder, recurrent without psychotic features and alcohol dependence disorder and opioid dependence were assessed at Mental Health & Substance Abuse Center of Southern Oklahoma in September 2006. The claimant's medically determinable mental impairments of affective disorder (depression) as evaluated using listing 12.04, and substance addiction disorder (alcohol dependence disorder and opioid dependence) as evaluated using listing 12.09, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic work activities and are therefore nonsevere. In making this finding, the undersigned has considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments. These four broad functional areas are know as the "paragraph B" criteria.
>
> The first functional area is activities of daily living. In this area, the claimant has mild limitation. The next functional area is social functioning. In this area, the claimant has mild limitation. The third functional area is concentration, persistence or pace. In this area, the claimant has mild limitation. The fourth functional area is episodes of decompensation. In this area, the claimant has experienced no episodes of decompensation.

(Tr. 15-16) [citations omitted].

The ALJ thus determined that the claimant had medically determinable mental impairments, and utilized the special "psychiatric review technique" ("PRT") to evaluate them. But the ALJ wholly neglected to discuss the evidence underlying his PRT findings, and therefore failed to properly *document* those findings. *See, e. g., Washington v. Shalala,* 37 F.3d 1437, 1442 (10th Cir. 1994) ("[T]here must be competent evidence in the record to support the conclusions recorded on the [PRT] form and the ALJ must discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form."), *quoting Woody v. Secretary of Health & Human Services,* 859 F.2d 1156, 1159 (3d Cir.1988). *See also* 20 C.F.R. §§ 404.1520a(e)(2), 416.920a(e)(2) ("At the administrative law judge hearing [level], the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)"). The ALJ did not, for example, cite any physician-prepared mental RFC assessment (even one from a state agency physician or a consultative examiner) to support his conclusory PRT findings. *See, e. g., Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989) ("The determination of whether substantial evidence supports the Secretary's decision is not simply a 'quantitative exercise,' for evidence is not substantial if it is overwhelmed by other evidence *or if it really constitutes mere conclusion*.") [emphasis added], *citing Fulton v. Heckler,* 760 F.2d 1052, 1055 (10th Cir. 1985) and *Knipe v. Heckler,* 755 F.2d 141, 145 (10th Cir. 1985). Nor did the ALJ discuss any evidence arguably inconsistent therewith, such as the claimant's "severe disruption in his primary

relationships" (Tr. 214) and "extreme disruption in daily functioning" (Tr. 215), or the claimant's "trouble understanding, concentrating and remembering" (Tr. 215, 216). *See, e. g.*, 20 C.F.R. §§ 404.1520a (c)(2), 416.920a(c)(2) ("[W]e will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.").

Because the ALJ failed to properly document his PRT findings, the decision of the Commissioner must be reversed and the case remanded for further analysis of the claimant's medically determinable mental impairments. If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 23rd day of September, 2009.

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**